Anton Ewing (NOT AN ATTORNEY)
3077 Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff *in pro per*

**FILED JUN 27 2022** CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual<br>Plaintiff,<br>vs.<br>**CSOLAR, a California corporation**<br>Defendant. | Civil Case No. **22-cv-0720 WQH JLB**<br>**NOTICE OF MOTION**<br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**<br>Date: 7/25/2022<br>Time: NA<br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br>The Honorable William Q. Hayes |

Please take notice that on July 25, 2022, pursuant to FRCP 55(b), Plaintiff Anton Ewing will move the Honorable District Court for entry of default judgment against Defendant for multiple TCPA violations. The Court may order the matter

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT - 1

22CV0720

submitted on the papers. The address of the Federal District Court, Southern District of California is 333 West Broadway Blvd, San Diego, CA 92101.

Dated: June 21, 2022

                                             Anton Ewing
                                             /S/ Anton Ewing
                                             Anton Ewing, Plaintiff

Anton Ewing (NOT AN ATTORNEY)
3077 Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff *in pro per*

# THE UNITED STATES FEDERAL DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual<br>Plaintiff,<br><br>vs.<br><br>**CSOLAR, a California corporation,**<br>Defendant. | Civil Case No. **22-cv-0720-WQH JLB**<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: 7/25/2022<br>Time: NA<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br><br>The Honorable William Q. Hayes |

TO ALL PARTIES AND THE HONORABLE DISTRICT JUDGE HAYES:

1. May it please the Court, Plaintiff Anton Ewing ("Ewing") hereby respectfully moves the Honorable District Judge William Q. Hayes, pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment against CSOLAR, a California corporation (herein "CSOLAR, a California corporation") in the amount of $143,000 for violation of the TCPA, 47 USC §227(b)(1) and (c)(5), as

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT - 3

22CV0720

well as B&P §17200, PC §632.7 and Civ. §1770(a)(22)(A). Plaintiff also moves for costs of $402 for the court filing fees[1] and $95 for service of process fees (paid to ABC Legal). Since Defendant was put on formal notice of this lawsuit by lawful service of the summons and complaint, and yet failed to defend, then all well-plead facts and allegations in the Complaint are taken as true, correct and accurate. In Complaint paragraph 7, Plaintiff stated that he was suing for violation of CIPA, PC §632.7 as well as Civil Code §1770(a)(22)(A) and Business and Professions code §17200. In paragraph 38 of the Complaint, Plaintiff set forth that he heard a very clear "bubble popping" sound followed by a long pause before an artificial voice message began on each call. This is a violation of 47 USC §227(b)(1)(A) and Civil code §1770(a)(22)(A).

2. At paragraph 47 of the Complaint, Plaintiff set forth the exact calls, on the exact dates, from the exact number, that Defendant called from in violation of the TCPA, CIPA and the Business & Professions code. There are eleven (11) calls listed in the Complaint at paragraph 47 as follows:

    a. May 18, 2022 from 818-688-9546 at 7:59 AM

    b. May 16, 2022 from 818-688-9546 at 10:57 AM

    c. May 15, 2022 from 323-901-8469 at 10:45 AM

    d. May 13, 2022 from 619-710-9303 at 6:51 AM

---

[1] See Complaint paragraph 37.

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT - 4

22CV0720

    e. May 12, 2022 from 808-875-1922 at 7:50 AM

    f. May 11, 2022 from 213-896-2413 at 11:22 AM

    g. May 9, 2022 from 619-827-4402 at 8:33 AM

    h. May 6, 2022 from 818-889-6325 at 10:41 AM

    i. April 27, 2022 from 818-889-6325 at 9:30 AM

    j. April 27, 2022 from 818-999-1184 at 10:01 AM

    k. April 27, 2022 from 818-587-9146 at 12:55 PM

3. 11 violations x $3,000 per violation of the TCPA is $33,000. Broken down more fully as: $1,500 for each willful violation of section 227(b)(1)(A) and $1,500 for each willful violation of section 227(c)(5). *See* 16-CV-02415-GPC-BGS filed 8/20/2018 *Osgood vs. Main Street Marketing, LLC, et al.*

4. 11 violations x $5,000 per violation of PC §632.7 is $55,000.

5. 11 violations x $2,500 per violation of Civil code §1770(a)(22)(A) is $27,500.

6. 11 violations x $2,500 per violation of Business & Professions code §17200 is $27,500.

7. $33,000 + $55,000 + $27,500 + $27,500 is $143,000.

8. Paragraph 58 of the Complaint sets forth that CSOLAR, a California corporation did not have permission or consent to call or text Plaintiff.

9. In paragraphs 8, 22, and 93, Defendant was put on notice the Plaintiff was seeking damages under California Civil Code §1770(a)(22)(A).

10. CSOLAR, a California corporation has failed to send a copy of its do not call policy. This is a violation of the regulations that are incorporated into 47 USC §227(c).

11. In the alternative, Plaintiff respectfully moves the Court to enter default judgement as to liability only and thereafter allow Plaintiff, pursuant to FRCP 55(b)(2), to engage in very limited discovery as to the amount of damages only. Said discovery request is limited and restricted solely to taking the single deposition of Defendant's CEO for a maximum of two hours as provided in the Rules using zoom remote deposition technology. The only purpose of the deposition is to determine the exact number of calls made and text messages sent to Plaintiff by Defendant. The deposition would be a very limited *duces tecum* and Defendant would be given at least 33 days advance notice. This discovery request is neither for interrogatories nor requests for admissions.

12. Local Rule 55.1 requires a motion for default judgement to be filed within 30 days of the entry of default. An Application for Entry of Default was filed by Plaintiff on June 21, 2022 with the Clerk of the Court.

13. It appears that, pursuant to the authority vested in Rule 26(d)(1) and Rule 55(b)(2), courts have allowed discovery on the issue of damages after the entry of

default. *See Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 U.S. Dist. LEXIS 10112, 2016 WL 354754, at *3 (E.D. Va. Jan, 27, 2016)(collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages for its three causes of action."); *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 163 (D. Del. 2010) (noting that the plaintiff was "granted leave to conduct discovery on the issue of damages" after the entry of default against the defendant); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788,790-91 (E.D. Mich. 2004) (granting motion for default judgment as to liability only and ordering limited discovery "with respect to the amount of damages and attorney fees to be assessed" against defendants in default). *Oakley, Inc. v. Moda Collection, LLC*, No. SACV 16-160-JLS (JCGx), 2016 U.S. Dist. LEXIS 191048, at *19-20 (C.D. Cal. June 9, 2016)

**PROCEDURAL HISTORY**

14. On May 19, 2022, Plaintiff Anton Ewing initiated this action by filing a Complaint against Defendant CSOLAR, a California corporation (ECF No. 1). Plaintiff filed proof of service as to the Complaint (ECF No. 3) on Defendant. Default has been entered against CSOLAR, a California corporation for failure to defend through an attorney. Representatives for Defendant contacted Plaintiff via email after service of the Complaint. They actually know about the Complaint.

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT - 7

22CV0720

15. Plaintiff now files a motion for default judgment against Defendant CSOLAR, a California corporation according to the allegations contain in the Complaint, which must now be taken as true and correct. The factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) are set forth below.

## MEMORANDUM OF POINTS AND AUTHORITIES

16. While the FBI and US DOJ would never actually prosecute someone for a Title 47 violation, it appears that it is a crime to violate 47 USC §501 by doing what has been made "unlawful" under 47 USC §227, that is, telemarketing with an ATDS. No natural person can employ another person (legal or natural) to commit his or her crimes. Natasha Larson did just that by setting up CSOLAR to robo-dial Plaintiff.

17. Defendant CSOLAR knows what it is doing is wrong and illegal. In that regard, Plaintiff is asking the Court to enter a permanent injunction against Defendant CSOLAR, as is expressly provided in both 47 USC §227(b)(3)(A) and 47 USC §227(c)(5)(A) (*"an action based on a violation of the regulations prescribed under this subsection to enjoin such violation"*).

18. Respectfully, Defendant CSOLAR knows that telemarketing with a robodialer to numbers registered on www.donotcall.gov is illegal. CSOLAR is just making way too much money to care about obeying the law by suckering poor people into thinking that CSOLAR has the perfect solution to their solar electric

problems with harassing calls. Interestingly, Plaintiff already has 34 solar panels[2] rated at 375 watts each made by REC with an Enphase set of inverters and a net-metering contract with SDG&E that is producing approximately 7.8 kilowatts each hour on sunny days. There is no reason to call Plaintiff about getting new solar.

## RELEVANT FACTS ALLEGED IN THE COMPLAINT

19. The California Department of Justice requires telemarketers to registered and post a $50,000 bond. Defendant has failed to do this.

20. The Complaint establishes a 47 USC §227(c)(5) violation because Plaintiff registered his phone more than 31 days prior to the offending calls.

21. The TCPA is a strict liability statute and thus Plaintiff is not required to prove duty, breach, causation and damages like the prima facie elements of a negligence case. Plaintiff put his phone number on www.donotcall.gov. Plaintiff was called with an ATDS by Defendant CSOLAR with a pre-recorded message. In fact, Plaintiff was called by CSOLAR with a prerecorded message each time. Plaintiff's phone is a cellular phone, that is 619-719-9640.

22. Plaintiff is requesting the Court to enter an injunction against defaulted Defendant CSOLAR to prohibit it from violating the TCPA in the future.

---

[2] Plaintiff does not own title to the home.

## SUMMARY OF LEGAL ANALSYS

23. Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *See Geddes, 559 F.2d at 560.* "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When "proving-up" damages, admissible evidence supporting damage calculations is required. *Id.*

24. "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 Moore's Federal Practice para. 55-05[2], at 55-24 to 55-26." *Eitel v. McCool* (9th Cir. 1986) 782 F.2d 1470, 1471-1472.

### a. Possibility of Prejudice to the Plaintiff

i. There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "[In the absence of a default judgment, Plaintiff will be severely prejudiced because he will not be allowed to litigate his claims and will be effectively denied all relief." (*Id.* at 6.) Thus, this factor weighs in favor of granting default judgment.

b. **Merits of Plaintiff's Substantive Claim**

i. Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiff argues he has stated a prima facie claim under the TCPA for both a willful and a negligent violation.

ii. Under the TCPA, Plaintiff must establish that (1) the phone calls were made using an automatic telephone dialing system ("ATDS") or an artificial pre-recorded voice; (2) they were the "called party;" and (3) that defendant did not have Plaintiff's prior consent to

make the calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

iii. Under the first element, Plaintiff sufficiently alleged Defendants' calls to him were made using an ATDS. Regarding the second element, Plaintiff alleges he was the "called party" because the phone number Defendant dialed belonged to him. As for the last requirement, Plaintiff alleges he never gave Defendant consent to contact him and his number was on the Do Not Call list. Thus, the Court should find Plaintiff pled sufficient facts to succeed on his TCPA and CIPA claims.

c. **Sufficiency of the Complaint**

i. "[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions. See *Totten v. Hurrell*, No. 00–2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the 'sum of money at stake' factor [under *Eitel*] is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and

finding an award of $19,977.74 not a "large money judgment" in today's world). The $143,000 requested by Plaintiff is not unreasonably large given the scale of Defendant CSOLAR, a California corporation operations.

**d. Sum of Money at Stake**

    i.    It is squarely within the Court's sound and complete discretion to award treble damages or not. Plaintiff requests $1,500 in treble damages for the intentional or willful TCPA violations. "If the court finds that the defendant willfully or knowingly violated" the TCPA, it may award treble damages. 47 U.S.C. § 227(b)(3)(C). Here, Plaintiff alleges significant facts regarding Defendant's willfulness and intent. The facts Plaintiff includes go to willfulness are the fact that his phone numbers was placed on the National Do Not Call Registry. Ewing clearly posts on his own web pages to not call. While it is true that even a single, non-consented to phone call violates the TCPA, there must be something more than just the single call to constitute willfulness, otherwise every violation of the TCPA would be *per se* willful. Questions the complaint answers include whether Defendant had prior knowledge of the phone

number's registration on the Do Not Call List and that Defendant had a duty to check.

ii. One court defines a willful violation as when a "Plaintiff notifies Defendant to stop calling and Defendant disregards the request." *Sapan v. Authority Tax Services, LLC*, Civil No. 13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014). Here, Defendant CSOLAR, a California corporation called Plaintiff at least eleven times. That court stated "[t]he purpose of the TCPA is for defendants' to prevent repeated, unwanted telemarketing calls by honoring do-not-call requests." Other courts have acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] be issued." *J2 Global Communications, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting the split is between (1) whether the defendant needs knowledge that their conduct violated the law and (2) whether that merely sending the unsolicited communication was enough, even if the defendant had no knowledge it was breaking the law).

iii. Here, the Court should find enough in the complaint to support a finding that Defendant CSOLAR, a California corporation acted

willfully or knowingly violated the law. *See Sapan*, 2014 WL 12493282 at *3 (finding plaintiff sufficiently pled recovery of trebled damages when defendant made 2 phone calls without consent and while plaintiff's number was registered on the Do Not Call List).

e. **Possibility of a Dispute Concerning Material Facts**

　　i. The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiff has alleged sufficient facts to support his claims as analyzed above. Moreover, because Defendant failed to participate in litigation, the clerk entered default against them, submitting all well pleaded facts as true. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against defendant.

f. **If Default was Due to Excusable Neglect**

　　i. There is no indication that Defendant allowed its default to be taken as a result of excusable neglect. They emailed Plaintiff. After being served with the complaint, Defendant simply failed to respond or even participate in defending itself. The Court has nothing in the record to support a finding that Defendant's neglect

was excusable. Consequently, this factor weighs in favor of the entry of default judgment.

### g. Policy Favoring Decisions on the Merits

i. Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendant has failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g., id.* In sum, the relevant considerations weigh in favor of entry of default judgment against Defendant.

## EVIDENCE OF DEFENDANT'S PHONE NUMBER

25. A standard practice of telemarketers is to use a rather simple telephone number ID spoofing application. Defendant has exactly done this. Spoofing is the act of deceptively faking another number for your own number on a caller ID of the recipient[3]. Further, sophisticated telemarketers, like this Defendant, often use junk or throw-away numbers from Googlevoice. Anyone can obtain dozens of linked phone numbers from Googlevoice in a matter of seconds, for

---

[3] And thus the phone bill as well.

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT - 16

free[4]. Telemarketers are getting more and more clever and cunning, just like Defendant CSOLAR, a California corporation. Notwithstanding, Defendant CSOLAR used the above stated numbers to call Ewing on the dates and times shown. Each call contains or justifies $1,500 for violating §227(b) by using an ATDS and artificial voice; plus $1,500 for violating §227(c) for calling a DNC registered phone, or plus $1,500 for failure to send a written copy of the DNC policy after express request therefor, or plus $1,500 for failure to identify caller in the beginning of each call.

## THREE FACTORS FOR AMOUNT OF DAMAGES

The Court must address three issues when considering TCPA damages. *See, e.g., Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15-17; *j2 Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 at *7-8; *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 (N.D. Cal. March 16, 2015) *adopted as modified by* No. 14-cv-02445-BLF, 2015 U.S. Dist. LEXIS 44933, 2015 WL 1544229 (N.D. Cal. April 3, 2015). First, the Court must determine the number of TCPA violations the Plaintiff has established. *Heidorn*, 2013 U.S. Dist. LEXIS

---

[4] https://voice.google.com/signup then pick a number from whatever location, enter cell number, confirm the PIN code that is sent via text and that is all it takes to become a spammer. The Court is encouraged to see how powerful and dangerous this technology is or how it could be used by telemarketers for harassing millions of Americans.

177166, 2013 WL 6571629 at *15; *Roylance*, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 at *9. Here, Ewing established multiple violations under §§ 227(b) and (c). Ewing establishes that each of the 11 calls that he received from CSOLAR, a California corporation violated the TCPA's prohibition on automated telephone calls. Ewing also establishes 11 violations for failure to identify the caller[5] and 11 violations for initiating a call without an internal do-not-call policy available upon demand. Ewing establishes that the calls were made in violation of the national do-not-call list (registry) because he provides evidence that his number was on the list during the relevant time (Ewing registered 619-719-9640 on 2/16/2012 – all were at least 31 days prior to the offending calls).

## CONCLUSION

**Wherefore,** the Court should grant Plaintiff's motion for default judgment in the amount of $143,000 plus an injunction because the defaulted Defendant CSOLAR, a California corporation had admitted to wrongdoing and default has been entered against them in this matter. Additionally, Plaintiff has shown that each of the *Eitel* factors tip the scales of justice toward entry of judgment as plead and proven.

Dated: June 21, 2022

Anton Ewing
/S/ Anton Ewing
Anton Ewing, Plaintiff
Pro per

---

[5] Additionally, the Telemarketing Sales Rule from the FCC sets for that each telemarketer is required to disclose who they are at the beginning of the call. Defendants did not do this. Further, fraudulently disclosing that you are certified and licensed by Google is not a disclosure within the meaning of the TSR.

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT - 18

22CV0720

# PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter and have served on Defendants as follows:

22-cv-0720 WQH JLB **Notice of motion, Motion for default judgment and Memorandum of Points and Authorities has been electronically mailed to:**

I have also mailed a copy of this document to Defendant.

CSOLAR, a California corporation
15515 San Fernando Mission Blvd Unit 5
Mission Hills, CA 91345

and by US Mail, postage pre-paid, first class to:

Natasha Larson, Agent
CSOLAR, a California corporation
15515 San Fernando Mission Blvd Unit 5
Mission Hills, CA 91345

As well as all other CM/ECF users registered in this matter.

I swear under penalty of perjury that the above was served as stated.
Dated: June 21, 2022

/S/ Anton Ewing
Anton Ewing